# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GONZALEZ,<br><br>           Petitioner,<br><br>    v.<br><br>D.K. JOHNSON, Warden,<br><br>           Respondent. | Case No. CV 12-2806-JAK (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

On March 30, 2012, Maria Gonzalez ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, in which she challenges a decision by the California Board of Parole Hearings ("Board") finding her unsuitable for parole. (See Petition at 5-6b.)

Although the Petition purports to raise seven grounds for federal habeas relief, they are fairly construed as a single claim challenging the merits of the Board's decision to deny her parole. (See Petition at 5-6b.)

## DISCUSSION

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from

the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

Summary dismissal is appropriate in this case because the Supreme Court's decision in Swarthout v. Cooke, __ U.S. __, 131 S. Ct. 859 (2011), precludes habeas relief for Petitioner's claim. In Swarthout, the Supreme Court recognized that Board decisions are reviewed by California state courts under a standard of "whether 'some evidence' supports the conclusion that the inmate is unsuitable for parole because he or she currently is dangerous." Swarthout, 131 S. Ct. at 860 (quoting In re Lawrence, 44 Cal.4th 1181, 1191 (2008)) (additional citation omitted). The Court also acknowledged as reasonable the Ninth Circuit holding that California law governing parole creates a cognizable liberty interest for purposes of analyzing a federal due process claim. Id. at 861 (citing Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010)). However, the Court emphasized that any such interest is "a *state* interest created by California law"; there is no corresponding substantive right under the United States Constitution to conditional release before expiration of a valid sentence. Id. at 862 (The Court also stated: "No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement.").

Therefore, regardless of the standard of judicial review applied by California state courts, the proper scope of federal habeas review in the context of a parole decision concerns only the constitutional question of whether fair and adequate procedures were employed for protection of the prisoner's state-created liberty interest. Swarthout, 131 S. Ct. at 862 ("When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures."); see also id. at 863 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly.").

The Court reaffirmed that, "[i]n the context of a decision regarding parole release, we have held that the procedures required [by the Constitution] are minimal." Id. at 862 (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979) (adequate process consisted of an opportunity to be heard and a statement of reasons for parole denial)). The Supreme Court determined in Greenholtz "that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout, 131 S. Ct. at 862 (citing Greenholtz, 442 U.S. at 16). "The Constitution does not require more." Greenholtz, 442 U.S. at 16. Any further inquiry into the actual merits of a parole decision, and specifically into the question of whether the "some evidence" standard regarding present dangerousness was satisfied, would involve a question of state law that is not cognizable on federal habeas review. Swarthout, 131 S. Ct. at 863 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review . . . was correctly applied"); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 121 n. 21 (1982).

Following Swarthout, Petitioner may not obtain habeas relief on the grounds asserted in her Petition, which essentially challenge the quantum of evidence supporting the Board's decision denying parole. Petitioner has failed to set forth facts demonstrating that she was denied the minimum procedural due process required by Swarthout and Greenholtz. Because there is no indication that the procedures followed by the Board were constitutionally deficient, there is no basis for federal habeas relief. Swarthout, 131 S. Ct. at 862; Greenholtz, 442 U.S. at 16. The Petition is therefore subject to summary dismissal.

///
///
///
///
///

**ORDER**

IT IS HEREBY ORDERED that the Petition be dismissed with prejudice.

IT IS SO ORDERED.

DATED: April 6, 2012

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

   */s/ John E. McDermott*
   John E. McDermott
United States Magistrate Judge